UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| THE STATE OF NORTH DAKOTA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF INTERIOR, *et al.*,<br><br>Defendants. | No. 1:24-cv-124-DMT-CRH<br><br>**DEFENDANTS' ANSWER** |

Defendants U.S. Department of the Interior; Deb Haaland, in her official capacity as the Secretary of the Interior; the U.S. Bureau of Land Management ("BLM"); and Tracy Stone-Manning, in her official capacity as Director of BLM (collectively, "Defendants"), through counsel, answer the Complaint filed in this case, ECF No. 1, as follows. The numbered paragraphs below correspond to the numbered paragraphs in the Complaint. Defendants do not specifically respond to any section headings included in the Complaint, but to the extent those headings expressly or implicitly include substantive legal or factual allegations, Defendants deny those allegations. Defendants deny each and every allegation in the Complaint that is not specifically admitted in this Answer.

**INTRODUCTION**

1. Defendants deny the allegations in Paragraph 1.

2. The allegations in the first and second sentences of Paragraph 2 characterize the Conservation and Landscape Health Final Rule, 89 Fed. Reg. 40,308 (May 9, 2024) ("Rule" or "Public Lands Rule"), which speaks for itself and is the best evidence of its content; to the extent

1

the allegations are inconsistent with the referenced Rule, they are denied.  Defendants deny the remaining allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in the first sentence of Paragraph 4.  The allegations in the second sentence of Paragraph 4 characterize Executive Order 14,008, Tackling the Climate Crisis at Home and Abroad, 86 Fed. Reg. 7619 (Jan. 27, 2021), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced executive order, they are denied.  Defendants deny the allegations in the third sentence of Paragraph 4. The allegations in the fourth sentence of Paragraph 4 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced court decisions, they are denied.

5. Defendants deny the allegations in Paragraph 5.

6. Various allegations in Paragraph 6 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent those allegations are inconsistent with the referenced court decisions, they are denied.  Defendants deny the remaining allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9. The allegations in Paragraph 9 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

10. The allegations in Paragraph 10 are conclusions of law to which no response is required; to the extent a response is required, they are denied.

## PARTIES

11. Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and deny them on that basis.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and deny them on that basis.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and deny them on that basis.

14. Defendants admit the allegations in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16.

17. Defendants admit the allegations in Paragraph 17.

## FEDERAL STATUTORY FRAMEWORK

18. The allegations in Paragraph 18 characterize the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. § 1701 *et seq.* and a court decision interpreting FLPMA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decision, they are denied.

19. The allegations in Paragraph 19 characterize FLPMA and court decisions interpreting FLPMA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decisions, they are denied.

20. The allegations in Paragraph 20 characterize FLPMA and a court decision interpreting FLPMA, which speak for themselves and are the best evidence of their content; to

the extent the allegations are inconsistent with the statute and referenced decision, they are denied.

21. The allegations in Paragraph 21 characterize FLPMA and a court decision interpreting FLPMA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decision, they are denied.

22. The allegations in Paragraph 22 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

23. The allegations in Paragraph 23 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

24. The allegations in Paragraph 24 characterize the Mineral Leasing Act ("MLA"), 30 U.S.C. § 180 *et seq.*, and court decisions interpreting the MLA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decisions, they are denied.

25. The allegations in Paragraph 25 characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

26. The allegations in Paragraph 26 characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

27. Defendants admit the allegations in Paragraph 27.

28. The allegations in Paragraph 28 characterize FLPMA and BLM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced regulations, they are denied.

29. The allegations in Paragraph 29 characterize BLM regulations and a court decision, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations and decision, they are denied.

30. The allegations in Paragraph 30 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.

31. The allegations in Paragraph 31 characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

32. The allegations in Paragraph 32 characterize the MLA and several court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decisions, they are denied.

33. The allegations in Paragraph 33 characterize BLM regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

34. The allegations in Paragraph 34 are vague and therefore are denied.

35. The allegations in Paragraph 35 characterize the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.*, and a court decision interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decision, they are denied.

36. The allegations in Paragraph 36 characterize NEPA and court decisions interpreting NEPA, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the statute and referenced decisions, they are denied.

37. The allegations in Paragraph 37 characterize regulations issued by the Council on Environmental Quality ("CEQ"), which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

38. The allegations in Paragraph 38 characterize CEQ regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

39. The allegations in Paragraph 39 characterize U.S. Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

40. The allegations in Paragraph 40 characterize U.S. Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

41. The allegations in Paragraph 41 characterize U.S. Department of the Interior regulations, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations, they are denied.

42. The allegations in the first sentence of Paragraph 42 characterize Executive Order 14,008, Tackling the Climate Crisis at Home and Abroad, 86 Fed. Reg. 7619 (Jan. 27, 2021), which speaks for itself and is the best evidence of its content; to the extent the allegations are

inconsistent with the referenced executive order, they are denied. Defendants deny the allegations in the second sentence of Paragraph 42.

43. Defendants admit the allegations in the first sentence of Paragraph 43. The remaining allegations in Paragraph 43 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.

44. Defendants admit the allegations in the first sentence of Paragraph 44. The remaining allegations in Paragraph 44 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.

45. The allegations in Paragraph 45 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied.

46. The allegations in Paragraph 46 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced decisions, they are denied.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants admit the allegations in the first sentence of Paragraph 48. The allegations in the second sentence of Paragraph 48 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced decision, they are denied. Defendants deny the remaining allegations in Paragraph 48.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants deny the allegations in the first sentence of Paragraph 50. The allegations in the second sentence of Paragraph 50 characterize a BLM Final Rule, Resource Management Planning, 81 Fed. Reg. 89,580 (Dec. 12, 2016) ("Planning 2.0 Rule"), which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced rule, they are denied.

51. Defendants admit the allegations in Paragraph 51, but Defendants aver that, under the Congressional Review Act ("CRA"), 5 U.S.C. § 801 *et seq.*, Congress disapproves of agency rules, rather than repealing them.

52. The allegations in Paragraph 52 characterize the CRA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. The allegations in Paragraph 55 characterize the Planning 2.0 Rule and the Public Lands Rule, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced rules, they are denied.

56. The allegations in Paragraph 56 characterize the Planning 2.0 Rule and the Public Lands Rule, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced rules, they are denied.

57. The allegations in Paragraph 57 characterize the Planning 2.0 Rule and the Public Lands Rule, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced rules, they are denied.

58. The allegations in Paragraph 58 characterize comments regarding the Proposed Public Lands Rule, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced comments, they are denied.

59. Defendants deny the allegation in the first sentence of Paragraph 59 that BLM disregarded comments submitted regarding the Proposed Public Lands Rule. The remaining allegations in Paragraph 59 characterize the Public Lands Rule and preamble to the Rule, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Rule and preamble, they are denied.

60. Defendants deny the allegations in Paragraph 60.

## THIS FINAL RULE

61. The allegations in Paragraph 61 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

62. The allegations in Paragraph 62 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

63. The allegations in Paragraph 63 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

64. The allegations in Paragraph 64 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

65. The allegations in Paragraph 65 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

66. Defendants deny the allegations in the first, second, fourth, and fifth sentence of Paragraph 66. The remaining allegations in Paragraph 66 characterize FLPMA and a court decision, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the act and referenced court decision, they are denied.

67. The allegations in Paragraph 67 characterize the Public Lands Rule, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the Rule, they are denied.

68. Defendants deny the allegations in the first sentence of Paragraph 68. The remaining allegations in Paragraph 68 characterize the Public Lands Rule and preamble to the Rule, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the Rule and preamble, they are denied.

69. The allegations in Paragraph 69 characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

70. The allegations in Paragraph 70 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants admit the allegation in the second sentence of Paragraph 74 that BLM manages approximately 4 million acres of mineral interests in North Dakota. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and therefore they are denied.

75. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 75, and therefore they are denied. The allegations in the third sentence of Paragraph 75 characterize a State of Montana law, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the referenced law, they are denied.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 77, and therefore they are denied. Defendants deny the allegations in the third sentence of Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants deny the allegations in the first and fifth sentences of Paragraph 79. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79, and therefore they are denied.

80. Defendants deny the allegations in the first sentence of Paragraph 80. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and therefore they are denied.

81. The allegations in the first sentence of Paragraph 81 characterize a court decision, which speaks for itself and is the best evidence of its content; to the extent the allegations are

inconsistent with the referenced court decision, they are denied.  Defendants deny the remaining allegations in Paragraph 81.

82. Defendants deny the allegations in the first sentence of Paragraph 82.  The allegations in the second and third sentences of Paragraph 82 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced court decisions, they are denied.

83. The allegations in the first sentence of Paragraph 83 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced court decisions, they are denied.  Defendants deny the allegations in the second sentence of Paragraph 83.  The allegations in the third sentence of Paragraph 83 are conclusions of law, to which no response is required; to the extent a response may be required, the allegations are denied.

## CLAIMS FOR RELIEF

84. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

85. Defendants deny the allegations in Paragraph 85.

86. The allegations in Paragraph 86 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the statute, they are denied.

87. Defendants deny the allegations in Paragraph 87.

88. The allegations in the first and second sentences of Paragraph 88 characterize court decisions, which speak for themselves and are the best evidence of their content; to the

extent the allegations are inconsistent with the referenced court decisions, they are denied. Defendants deny the remaining allegations in Paragraph 88.

89. The allegations in the first sentence of Paragraph 89 characterize FLPMA and a court decision, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the act and referenced court decision, they are denied. Defendants deny the remaining allegations in Paragraph 89.

90. Defendants deny the allegations in the first and third sentences of Paragraph 90. The allegations in the second sentence of Paragraph 90 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

91. The allegations in the first sentence of Paragraph 91 characterize FLPMA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.  Defendants deny the remaining allegations in Paragraph 91.

92. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

93. The allegations in Paragraph 93 characterize the CRA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants reassert and incorporate their responses to all preceding paragraphs.

97. Defendants deny the allegations in Paragraph 97.

98. The allegations in Paragraph 98 are conclusions of law to which no response is required; to the extend a response may be required, Defendants deny the allegations.

99. Defendants deny the allegations in the first sentence of Paragraph 99. The allegations in the second and fourth sentences of Paragraph 99 characterize court decisions, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced court decisions, they are denied. Defendants deny the allegations in the third and fifth sentences of Paragraph 99.

100. Defendants deny the allegations in the first and fourth sentences of Paragraph 100. The allegations in the second and third sentences of Paragraph 100 characterize the U.S. Department of the Interior's NEPA regulations and the Public Lands Rule and preamble, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations and the Rule and preamble, they are denied.

101. Defendants deny the allegations in the first, third, and fifth sentences of Paragraph 101. The remaining allegations in Paragraph 101 characterize the U.S. Department of the Interior's NEPA regulations and a court decision, which speak for themselves and are the best evidence of their content; to the extent the allegations are inconsistent with the referenced regulations and court decision, they are denied.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

104. The allegations in the first sentence of Paragraph 104 characterize the APA, which speaks for itself and is the best evidence of its content; to the extent the allegations are

inconsistent with the act, they are denied.  Defendants deny the allegations in the second sentence of Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants reassert and incorporate by reference their responses to all preceding paragraphs.

108. The allegations in Paragraph 108 characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.

109. The allegations in the first sentence of Paragraph 109 characterize the MLA, which speaks for itself and is the best evidence of its content; to the extent the allegations are inconsistent with the act, they are denied.  Defendants deny the allegations in the second sentence of Paragraph 109.

110. Defendants deny the allegations in Paragraph 110.

### PRAYER FOR RELIEF AND DEMAND FOR JUDGMENT

111. Defendants deny the allegations in Paragraph 111 and deny that Plaintiffs are entitled to any relief whatsoever.

### GENERAL DENIAL

Defendants deny any allegations of Plaintiffs' Complaint, whether express or implied, that are not expressly denied, admitted, or qualified herein.

### AFFIRMATIVE DEFENSES

1. The court lacks jurisdiction over one or more of Plaintiffs' claims.
2. Plaintiffs lack standing to pursue one or more of their claims.

3. One or more of Plaintiffs' claims are not ripe.

4. Plaintiffs have failed to state a claim for which relief can be granted as to one or more of their claims.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs any relief, dismiss the Complaint with prejudice, grant judgment for Defendants, and grant Defendants such other relief as the Court deems appropriate.

Respectfully submitted this 6th day of September 2024.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

*/s/ Shannon Boylan*
SHANNON BOYLAN (DC Bar # 1724269)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
150 M St NE
Washington, D.C. 20002
Tel: (202) 598-9584 / Fax: (202) 305-0506
shannon.boylan@usdoj.gov

*/s/ Luther L. Hajek*
LUTHER L. HAJEK (CO Bar # 44303)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
999 18th Street
South Terrace – Suite 370
Denver, CO 80202
Tel: (303) 844-1376 / Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Counsel for Defendants*