IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of North Dakota, State of Idaho, and State of Montana,<br><br>           Plaintiffs,<br><br>vs.<br><br>The United States Department of Interior; Debra Ann Haaland, in her official capacity as Secretary of Interior; the Bureau of Land Management; and Tracy Stone Manning, in her official capacity as the Director of the Bureau of Land Management,<br><br>           Defendants. | Case No. 1:24-cv-00124 |

**ORDER DENYING MOTION TO CHANGE VENUE**

[¶1] THIS MATTER comes before the Court on a Motion to Change Venue under 28 U.S.C. § 1404(a) filed by the Defendants on July 22, 2024. Doc. No. 5. The Plaintiffs filed their Response on July 31, 2024. Doc. No. 6. The Defendants filed a Reply on August 7, 2024. Doc. No. 7. For the reasons set forth below, Defendants' Motion to Transfer Venue is **DENIED**.

**BACKGROUND**

[¶2] This case arises under a challenge to BLM's recent publication of a final rule titled "Conservation and Landscape Health." Doc. No. 1; 89 Fed. Reg. 40308. BLM's management of public lands is governed by the Federal Land Policy and Management Act of 1976 ("FLPMA"), with the main purpose designated as inventory and planning of use of public lands. 43 U.S.C. §§ 1701(a). The Mineral Leasing Act ("MLA") governs the program for leasing mineral deposits on federally owned land. 30 U.S.C. § 180 *et seq*. The National Environmental Policy Act of 1970

requires agencies to conduct Environmental Impact Statements or Environmental Assessments for major federal actions. 42 U.S.C. § 4332(2)(C).

[¶3] The Plaintiffs filed suit on June 21, 2024, with five counts: (1) multiple violations of FLPMA, (2) violation of the Congressional Review Act, (3) violation of NEPA, (4) the final rule is Arbitrary and Capricious, and (5) violation of the MLA.

[¶4] Three days earlier, on June 18, 2024, the States of Utah and Wyoming filed suit against the Defendants in the District of Utah challenging the same final rule. Utah v. Haaland, No. 2:24-cv-00438-DBB-DAO (D. Utah June 18, 2024), Doc. No. 1. Utah and Wyoming alleged two counts that the final rule is Arbitrary and Capricious. Id.

[¶5] On July 3, 2024, the State of Alaska sued BLM, DOI, and Haaland also challenging the rule. Alaska v. BLM, No. 3:24-cv-00144-SLG (D. Alaska July 3, 2024), Doc. No. 1. Alaska alleges multiple violations of the APA, and further violations of the Naval Petroleum Reserves Production Act, the Alaska National Interest Lands Conservation Act, and NEPA. Id.

[¶6] On July 12, 2024, another Complaint was filed by twelve private trade and resource associations in the District of Wyoming challenging the same final rule against the same Defendants, with one additional defendant—Steve Feldgus in his official capacity as Principal Deputy Assistant Secretary of the Interior. Am. Farm Bureau Fed. v. DOI, No. 1:24-cv-136-ABJ (D. Wy. July 12, 2024), Doc. No. 1. The Wyoming case alleges violations of the APA and that three counts: (1) excess of statutory authority under the Administrative Procedure Act ("APA"), (2) the rule is Arbitrary and Capricious, and (3) procedural violations of the APA. Id. On September 10, 2024, the Wyoming Court granted the Defendant's uncontested Motion to Transfer Venue to Utah to consolidate the case with Utah v. Haaland. Id., Doc. No. 19.

**DISCUSSION**

[¶7]    Pursuant to 28 U.S.C. Section 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Eighth Circuit has resisted an "exhaustive list of specific factors to consider" and instead held "district courts should weigh any 'case-specific factors' relevant to convenience and fairness." In re Apple, Inc., 602 F.3d 909, 912 (8th Cir. 2010) (first quoting Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997); then quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). "Federal courts give considerable deference to a plaintiff's choice of forum" and the moving party "bears the burden of proving that a transfer is warranted." Id. at 913 (quoting Terra Int'l, 119 F.3d at 695).

[¶8]    The first step is to determine if the case could have originally been brought in the desired transfer district. The Parties dispute if the case could have originally been brought in the District of Utah. Doc. Nos. 6 – 7. Deciding this question is unnecessary and the Court will assume for the purpose of this order Plaintiffs could have filed their claims in the District of Utah.

[¶9]    Defendants argue the transfer would serve the interest of justice by conserving judicial resources, avoiding conflicting judgments, and "allowing the forum with a far greater underlying interest in the litigation to decide the case." Doc. No. 5-1, p. 1. Defendants contend that Utah has a greater interest since the Utah case was filed three days earlier and the state "contains 400 times more land potentially subject to the Rule than does North Dakota." Id.

[¶10]   The Court finds these arguments unpersuasive. First, the causes of action in this case are broader and, specifically, affect different parties than the case in Wyoming. Therefore, there is little cause for concern in conflicting judgments. Second, the amount of land in either state subject

to the Rule has no bearing on North Dakota's interest in the case. North Dakota has sovereignty over its land, whether it is one mile or one million miles. Further, North Dakota is the third largest producer of oil and gas in the United States, with much of the development impacted by partial federal acres.

[¶11]   The Court gives "considerable deference" to a plaintiff's choice of forum. In re Apple, Inc., 602 F.3d at 913. The Motion to Change Venue in the Wyoming case was unopposed. Here, Plaintiffs strongly oppose the transfer. Doc. No. 6. In the Wyoming case the Plaintiffs are a mix of private organizations. Here, the lead Plaintiff is a sovereign state. Alaska's claims are being heard in its forum. Utah's claims are being heard in its forum. North Dakota decided to file here and has a right to be heard in its own forum. Therefore, the Defendants failed to meet their burden to prove the transfer is warranted.

## CONCLUSION

[¶12]   Accordingly, for the reasons set forth above, the Defendants' Motion to Transfer Venue is **DENIED**.

[¶13]   **IT IS SO ORDERED.**

DATED September 12, 2024.

_____
Daniel M. Traynor, District Judge
United States District Court