UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| STATE OF NORTH DAKOTA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF INTERIOR, *et al.*, <br><br> Defendants, <br><br> and <br><br> BADLANDS CONSERVATION ALLIANCE, *et al.*, <br><br> Defendant-Intervenors. | No. 1:24-cv-124-DMT-CRH <br><br> Hon. Daniel M. Traynor <br><br> **DEFENDANTS' UNOPPOSED MOTION FOR STAY** |

Defendants U.S. Department of the Interior *et al.* respectfully move to stay these proceedings for sixty days to allow new administration officials to evaluate the litigation and determine how they wish to proceed. At the close of the sixty-day period, the parties would file a status report indicating how the parties intend to move forward. Defendants' counsel has contacted counsel for the parties regarding this motion. Plaintiffs do not oppose this motion, but reserve the right to move to lift the stay in response to any implementation of the challenged rule during the pendency of the stay. Defendant-Intervenors take no position regarding the motion.

This case challenges the Conservation and Landscape Health Rule, 89 Fed. Reg. 40,308 (May 9, 2024) ("Public Lands Rule"). Plaintiffs allege that the U.S. Bureau of Land Management ("BLM") violated the Federal Land Policy and Management Act, Administrative Procedure Act, National Environmental Policy Act, and Congressional Review Act in promulgating the rule. *See* Compl., ECF No. 1. Plaintiffs' summary judgment brief is due February 21, 2025. *See* Joint Mot. for Entry of Amended Briefing Schedule at 2, ECF No. 46;

1

Order Granting Mot. to Amend Briefing Schedule, ECF No. 47.  Then Defendants' summary judgment brief is due April 11, 2025, Defendant-Intervenors' summary judgment briefs are due April 18, 2025, Plaintiffs' response/reply is due May 9, 2025, Defendants' reply is due May 30, 2025, and Defendant-Intervenors' replies are due June 6, 2025.  *See id.*

Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources").

Due to the recent change in administration on January 20, 2025, there is new leadership at the U.S. Department of the Interior.  Those new officials are in the process of familiarizing themselves with the Public Lands Rule and the litigation regarding the rule.  To provide new leadership with sufficient time to familiarize themselves with these issues and to determine how they wish to proceed, the government respectfully requests that the Court stay these proceedings for sixty days.  At the end of the sixty day period, the parties would file a status report indicating how the parties intend to proceed.

A proposed order is attached hereto.

Respectfully submitted this 31st day of January 2025.

                                    LISA LYNNE RUSSELL
                                    Deputy Assistant Attorney General
                                    Environment & Natural Resources Division
                                    United States Department of Justice

/s/ Luther L. Hajek
LUTHER L. HAJEK (CO Bar # 44303)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
999 18th Street
South Terrace – Suite 370
Denver, CO 80202
Tel: (303) 844-1376 / Fax: (303) 844-1350
luke.hajek@usdoj.gov

*Counsel for Defendants*