IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| State of North Dakota, et al,<br><br>                                      Plaintiffs,<br><br>vs.<br><br>United States Department of Interior, et al,<br><br>                                      Defendants,<br><br>vs.<br><br>Badlands Conservation Alliance, et al,<br><br>                          Defendant-Intervenors. | Case No. 1:24-cv-00124 |

## ORDER GRANTING MOTION TO STAY

[¶ 1]    THIS MATTER comes before the Court upon an unopposed Motion TO Stay filed by the Defendants on January 31, 2025. Doc. No. 51. The Defendants ask for a sixty (60) day stay to allow new administration officials to evaluate the litigation and determine how they wish to proceed. Id. Plaintiffs do not oppose the motion, but wish to reserve the right to move to lift the stay in response to any implementation of the challenged rule during the pendency of the stay. Id. Defendant-Intervenors take no position regarding this motion. Id.

[¶ 2]    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Cottrell v. Duke, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)); see also Armstrong v. Mille Lacs Cnty. Sherriff's Dept., 112 F. Supp. 2d 840, 843 (D. Minn. 2000) ("As a Federal District Court, we have the inherent power to stay the proceedings of an action, so as to control our docket, to conserve judicial

resources, and to provide for the just determination of the cases which pend before us.") (citations omitted). "A district court has broad discretion to stay proceedings when appropriate to control its docket." Sierra Club v. U.S. Army Corps of Eng'rs, 446 F.3d 808, 816 (8th Cir. 2006) (citation omitted).

[¶ 3]   Upon review of the record, the Court **GRANTS** the unopposed Motion TO Stay (Doc. No. 51). The proceedings in this case are **STAYED** for sixty (60) days. At the end of the sixty-day period, the parties shall file a joint status report concerning further proceedings. The Plaintiffs shall have the right to move to lift the stay in response to any implementation of the challenged rule during the pendency of the stay.

[¶ 4]   **IT IS SO ORDERED**.

DATED February 3, 2025.

Daniel M. Traynor, District Judge
United States District Court